UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DIQUAN BOOKER,

                                    Plaintiff,

            v.                                              9:23-CV-0325
                                                            (GTS/TWD)

CORRECTIONS OFFICER MURPHY,

                                    Defendant.

---

APPEARANCES:

DIQUAN BOOKER
Plaintiff, Pro Se
16-A-1691
Greene Correctional Facility
P.O. Box 975
Coxsackie, NY 12051

THÉRÈSE WILEY DANCKS
United States Magistrate Judge

## DECISION AND ORDER

## I.      INTRODUCTION

        The Clerk has sent to the Court for review a complaint submitted by pro se plaintiff

Diquan Booker asserting claims pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with

two applications to proceed in forma pauperis ("IFP").  Dkt. No. 2 ("Compl."); Dkt. No. 1

("First IFP Application"); Dkt. No. 7 ("Second IFP Application").[1]  Plaintiff, who is incarcerated

---

[1]  Plaintiff commenced this action in the Southern District of New York.  By Order entered on March 6, 2023, the Honorable Laura Taylor Swain ordered that this action be transferred to the Northern District of New York without ruling on the sufficiency of the First IFP Application.  Dkt. No. 4 ("Transfer Order").  On March 13, 2023, this action was transferred to this District.  Dkt. No. 5.  Thereafter, plaintiff filed the Second IFP Application

at Greene Correctional Facility, has not paid the filing fee for this action.

## II.    IFP APPLICATION

"28 U.S.C. § 1915 permits an indigent litigant to commence an action in a federal court without prepayment of the filing fee that would ordinarily be charged." *Cash v. Bernstein*, No. 09-CV-1922, 2010 WL 5185047, at *1 (S.D.N.Y. Oct. 26, 2010).[2] "Although an indigent, incarcerated individual need not prepay the filing fee at the time of filing, he must subsequently pay the fee, to the extent he is able to do so, through periodic withdrawals from his inmate accounts." *Id*. (citing 28 U.S.C. § 1915(b) and *Harris v. City of New York*, 607 F.3d 18, 21 (2d Cir. 2010)).

Upon review, the Court finds that the First IFP Application is properly completed and signed, and demonstrates economic need. *See* 28 U.S.C. § 1915(a)(2).  Plaintiff has also filed the inmate authorization form required in this District.  Dkt. No. 8.  Accordingly, the First IFP Application is granted and the Second IFP Application is denied as unnecessary.

## III.    SUFFICIENCY OF THE COMPLAINT

### A.    Governing Legal Standard

Section 1915(e) directs that, when a plaintiff seeks to proceed in forma pauperis, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii)

---

along with an inmate authorization form.  Dkt. Nos. 7, 8.

[2]  Section 1915(g) prohibits a prisoner from proceeding in forma pauperis where, absent a showing of "imminent danger of serious physical injury," a prisoner has filed three or more actions or appeals that were subsequently dismissed as frivolous, malicious, or failing to state a claim upon which relief may be granted.  28 U.S.C. § 1915(g).  Based upon the Court's review of plaintiff's litigation history on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") Service, it does not appear that plaintiff has accumulated three strikes for purposes of 28 U.S.C. § 1915(g).

seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[3]  Thus, even if a plaintiff meets the financial criteria to commence an action in forma pauperis, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with this action in forma pauperis.  *See id*.

Likewise, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A; *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (Section 1915A applies to all actions brought by prisoners against government officials even when plaintiff paid the filing fee); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (stating that both sections 1915 and 1915A are available to evaluate prisoner pro se complaints).

In reviewing a pro se complaint, the court has a duty to show liberality toward pro se litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond."  *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted).  Therefore, a court should not dismiss a complaint if the plaintiff has stated

---

[3]  To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

"enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant- unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. (internal quotation marks and alterations omitted).

      **B.**    **Summary of the Complaint**

      Plaintiff asserts allegations of wrongdoing that occurred while he was incarcerated at Shawangunk Correctional Facility. *See generally* Compl. The following facts are set forth as alleged by plaintiff in his complaint.

      On or around July 29, 2019, while plaintiff was in the special housing unit, defendant Corrections Officer Murphy "sprayed" him in the face with toilet bowl cleaner "for no

reason[,]" "burning" his face and eye.  Compl. at 5-6.  Following the incident, defendant

Murphy "left [plaintiff] in [his] cell for a half hour or more" before allowing him to be seen by

"medical[.]"  *Id*. at 6.

Construed liberally, the complaint asserts Eighth Amendment excessive force and

medical indifference claims against defendant Murphy in his individual capacity.

Plaintiff seeks significant money damages.  Compl. at 6.  For a complete statement of

plaintiff's claims, reference is made to the complaint.

###### C.    Analysis

Plaintiff brings this action pursuant to Section 1983, which establishes a cause of

action for "the deprivation of any rights, privileges, or immunities secured by the Constitution

and laws" of the United States.  42 U.S.C. § 1983.  "Section 1983 itself creates no

substantive rights, [but] . . . only a procedure for redress for the deprivation of rights

established elsewhere."  *Sykes v. James,* 13 F.3d 515, 519 (2d Cir. 1993) (citation omitted).

In Section 1983 actions, the applicable statute of limitations is the State's "general or

residual statute for personal injury actions."  *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d

Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)) (alterations omitted).  In

New York, a three year statute of limitations applies for personal injury actions and thus to

Section 1983 actions.  *Id*.; *see also* N.Y. C.P.L.R. § 214(5).

Federal law determines when a Section 1983 action accrues, which has been held to

be the time "when the plaintiff knows or has reason to know of the harm."  *Connolly v.

McCall*, 254 F.3d 36, 41 (2d Cir. 2001) (citation omitted).  Thus, in determining when a

particular claim accrues, courts must focus on when "the plaintiff knows or has reason to

know the injury which is the basis of his action." *Covington v. New York*, 171 F.3d 117, 121 (2d Cir. 1999) (quoting *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir. 1980)). That is so even if "the full extent of the injury is not then known or predictable." *Fahs Const. Group, Inc. v. Gray*, 725 F.3d 289, 292 (2d Cir. 2013) (per curiam).

A claim based on a use-of-force incident accrues "when the use of force occurred." *Fairley v. Collins*, No. 09-CV-6894, 2011 WL 1002422, at *3 (S.D.N.Y. Mar. 15, 2011); *see also Calvin v. Fischer*, No. 9:12-CV-1846 (GLS/DEP), 2015 WL 13744631, at *3 (N.D.N.Y. Dec. 2, 2015) ("Plaintiff's failure-to-protect cause of action asserted against defendants accrued in this case on January 12, 2009, the date on which plaintiff alleges he was assaulted by other prison inmates."), *report and recommendation adopted by* 2016 WL 830740 (N.D.N.Y. Mar. 3, 2016). A medical indifference claim accrues "when the plaintiff knows or has reason to know of the harm." *Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009).[4]

Following the prison mailbox rule and applying the presumption that plaintiff delivered the complaint to a prison official on the date it was signed, plaintiff filed his complaint in this action for statute of limitations purposes on January 19, 2023. *See* Compl. at 12; *see also Houston v. Lack*, 487 U.S. 266, 271 (1988) (a pro se litigant's papers are deemed to have been filed when they are placed in the hands of a prison official for mailing); *Johnson v.*

---

[4] In *Shomo*, the Second Circuit held that the continuing violation doctrine could apply in a Section 1983 case where "a prisoner challenge[d] a series of acts that together comprise [a constitutional] claim of deliberate indifference to serious medical needs." *Shomo*, 579 F.3d at 182. The court clarified, however, that just because "the continuing violation doctrine can apply ... does not mean it must." *Id.* at 180. Indeed, "[t]o assert a continuing violation for statute of limitations purposes, the plaintiff must 'allege both the existence of an ongoing policy of [deliberate indifference] and some non-time-barred acts taken in the furtherance of that policy.'" *JCG v. Ercole*, No. 11-CV-6844, 2014 WL 1630815, at *9 (S.D.N.Y. Apr. 24, 2014) (quoting *Shomo*, 579 F.3d at 180-81), *report and recommendation adopted by* 2014 WL 2769120 (S.D.N.Y. June 18, 2014).

*Coombe*, 156 F. Supp. 2d 273, 277 (S.D.N.Y. 2001) (where it is unclear when the complaint was given to prison officials, absent evidence to the contrary, the court assumes the complaint was given to prison officials the date it was signed).  Although plaintiff's Section 1983 claims against defendant Murphy are based on alleged events that occurred on or before July 29, 2019, *i.e.*, more than three years before the date this action was commenced, plaintiff expressly alleges that he filed a grievance regarding the alleged wrongdoing, and has attached a document to his complaint that appears to show that he received a final ruling on that grievance on January 28, 2021.  *See* Compl. at 2, 8.  Accordingly, the Court assumes, for purposes of this Decision and Order only, that plaintiff's Section 1983 claims are timely. *See Gonzalez v. Hasty*, 651 F.3d 318, 323 (2d Cir. 2011) (adopting the holding from other Circuit Courts that "equitable tolling is applicable to the time period during which a prisoner-plaintiff is exhausting his administrative remedies pursuant to the PLRA").[5]

### 1. Eighth Amendment Excessive Force Claim

The Eighth Amendment protects prisoners from "cruel and unusual punishment" at the hands of prison officials.  *Wilson v. Seiter*, 501 U.S. 294, 296-97 (1991); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  This includes punishments that "involve the unnecessary and wanton infliction of pain."  *Gregg v. Georgia*, 428 U.S. 153, 173 (1976).

The Eighth Amendment's prohibition against cruel and unusual punishment encompasses the use of excessive force against an inmate, who must prove two components: (1) subjectively, that the defendant acted wantonly and in bad faith, and (2)

---

[5]  It is unclear why, despite the document attached to the complaint, plaintiff alleges that he does not "think [he] appealed" his grievance.  *See* Compl. at 8.  In any event, the Court need not resolve this issue at this stage of the proceeding.

objectively, that the defendant's actions violated "contemporary standards of decency."

*Blyden v. Mancusi*, 186 F.3d 252, 262-63 (2d Cir. 1999) (internal quotations omitted) (citing

*Hudson v. McMillian*, 503 U.S. 1, 8 (1992)).[6]

Mindful of the Second Circuit's direction that a pro se plaintiff's pleadings must be

liberally construed, *see Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir.

2008), the Court finds that plaintiff's Eighth Amendment excessive force claim against

defendant Murphy survives sua sponte review and requires a response.  In so ruling, the

Court expresses no opinion as to whether this claim can withstand a properly filed dispositive

motion.

### 2.  Eighth Amendment Medical Indifference Claim

Claims that prison officials have intentionally disregarded an inmate's medical needs

fall under the umbrella of protection from the imposition of cruel and unusual punishment

afforded by the Eighth Amendment.  *Estelle*, 429 U.S. at 102, 104.  "In order to establish an

Eighth Amendment claim arising out of inadequate medical care, a prisoner must prove

'deliberate indifference to [his] serious medical needs.'"  *Chance v. Armstrong*, 143 F.3d 698,

702 (2d Cir. 1998) (quoting *Estelle*, 429 U.S. at 104).  "First, the alleged deprivation must be,

in objective terms, sufficiently serious."  *Chance*, 143 F.3d at 702 (internal quotation marks

and citations omitted).  "Determining whether a deprivation is an objectively serious

deprivation entails two inquiries[:] [1] . . . whether the prisoner was actually deprived of

---

[6]  In this regard, while "a *de minimis* use of force will rarely suffice to state a constitutional claim,"
*Romano v. Howarth*, 998 F.2d 101, 105 (2d Cir. 1993), the malicious use of force to cause harm constitutes an
Eighth Amendment violation per se because in such an instance "contemporary standards of decency are
always violated."  *Blyden*, 186 F.3d at 263 (citing *Hudson*, 503 U.S. at 9).  The key inquiry into a claim of
excessive force is "whether force was applied in a good-faith effort to maintain or restore discipline, or
maliciously and sadistically to cause harm."  *Hudson*, 503 U.S. at 7 (citing *Whitley v. Albers*, 475 U.S. 312, 321-
22 (1986)); *see also Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973).

adequate medical care[; and 2] . . . whether the inadequacy in medical care is sufficiently serious." *Salahuddin v. Goord*, 467 F.3d 263, 279-80 (2d Cir. 2006) (citations omitted).

"Second, the defendant must act with a sufficiently culpable state of mind," *Chance*, 143 F.3d at 702 (internal quotation marks and citations omitted); that is, the plaintiff must demonstrate that the defendant "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Blyden*, 186 F.3d at 262 (With respect to the subjective element, a plaintiff must also demonstrate that defendant had "the necessary level of culpability, shown by actions characterized by 'wantonness.'").

"Although medical deliberate indifference claims are most often asserted against medical personnel, non-medical personnel may also be held liable for deliberate indifference to medical needs where a plaintiff proves that 'prison personnel intentionally delayed access to medical care when the inmate was in extreme pain and has made his medical problem known to the attendant prison personnel.'" *Dailey v. Fuller*, No. 9:15-CV-1051 (BKS/TWD), 2016 WL 7732236, at *9 (N.D.N.Y. Dec. 5, 2016) (quoting *Hodge v. Coughlin*, No. 92-CV-0622, 1994 WL 519902, at *11 (S.D.N.Y. Sept. 22, 1994), *aff'd*, 52 F.3d 310 (2d Cir. 1995) (table)), *report and recommendation adopted by* 2017 WL 108056 (N.D.N.Y. Jan. 11, 2017); *see also Estelle*, 429 U.S. at 104-05 (noting that deliberate indifference may be manifested when prison guards intentionally deny or delay access to medical care).

Once again, mindful of the Second Circuit's direction that a pro se plaintiff's pleadings must be liberally construed, the Court finds that plaintiff's Eighth Amendment medical indifference claim against defendant Murphy survives sua sponte review and requires a

9

response.  In so ruling, the Court expresses no opinion as to whether this claim can withstand a properly filed dispositive motion.

## IV.    CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's First IFP Application (Dkt. No. 1) is **GRANTED**;[7] and it is further

**ORDERED** that plaintiff's Second IFP Application (Dkt. No. 7) is **DENIED** as unnecessary; and it is further

**ORDERED** that the Clerk shall provide the Superintendent of the facility that plaintiff has designated as his current location with a copy of plaintiff's inmate authorization form (Dkt. No. 8) and notify that official that plaintiff has filed this action and is required to pay to the Northern District of New York the entire statutory filing fee of $350.00 pursuant to 28 U.S.C. § 1915; and it is further

**ORDERED** that the Clerk provide a copy of plaintiff's inmate authorization form (Dkt. No. 8) to the Financial Deputy of the Clerk's Office; and it is further

**ORDERED** that plaintiff's Eighth Amendment excessive force and medical indifference claims against defendant Murphy **SURVIVE** sua sponte review and require a response; and it is further

**ORDERED** that the Clerk shall issue a summons and forward it, along with a copy of the complaint, to the United States Marshal for service upon defendant Murphy.  The Clerk shall forward a copy of the summons and complaint by electronic mail to the Office of the

---

[7]  Although his IFP Application has been granted, plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

New York State Attorney General, together with a copy of this Decision and Order; and it is further

**ORDERED** that upon the completion of service, a response to the complaint be filed by defendant Murphy, or his counsel, as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th 0Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions.  All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court.  **Plaintiff is also required to promptly notify, in writing, the Clerk's Office and all parties or their counsel of any change in plaintiff's address; his failure to do so may result in the dismissal of this action**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

Dated: March 30, 2023
        Syracuse, NY

Thérèse Wiley Dancks
U.S. Magistrate Judge