UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DIQUAN BOOKER,

                            Plaintiff,

      v.                                                  9:23-CV-0325
                                                            (GTS/TWD)

CORRECTIONS OFFICER MURPHY,

                            Defendant.

---

APPEARANCES:

DIQUAN BOOKER
Plaintiff, Pro Se
16-A-1691
Greene Correctional Facility
P.O. Box 975
Coxsackie, NY 12051

HON. LETITIA JAMES                        MICHAEL J. WHALEN, ESQ.
New York State Attorney General         Ass't Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

THÉRÈSE WILEY DANCKS
United States Magistrate Judge

# DECISION AND ORDER

## I. INTRODUCTION

      Plaintiff Diquan Booker commenced this action by filing a pro se civil rights complaint

pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application for leave to

proceed in forma pauperis.  Dkt. No. 2 ("Compl."); Dkt. No. 1 ("IFP Application").[1]  By Decision and Order entered on March 30, 2023, this Court granted plaintiff's IFP Application, and following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), found that plaintiff's Eighth Amendment excessive force and medical indifference claims against Corrections Officer Murphy survived sua sponte review and required a response.  Dkt. No. 9 ("March 2023 Order").

Thereafter, defendant Murphy acknowledged service and answered the complaint.  Dkt. No. 15 ("Acknowledgment of Service"); Dkt. No. 18 ("Answer").  On May 10, 2023, the Court issued a mandatory pretrial discovery and scheduling order, which set September 11, 2023, as the deadline for amended pleadings.  Dkt. No. 19 ("Scheduling Order").

On August 2, 2023, the Court received a letter from plaintiff requesting permission to amend his complaint to substitute "C. Olivo" as a defendant in place of Corrections Officer Murphy.  *See* Dkt. No. 27.  Counsel opposed the request on the grounds that "the statute of limitations for a Section 1983 claim against Officer Olivo has technically run[,]" and the proposed amendment does not relate back to the filing date of the original complaint under Fed. R. Civ. P. 15(c).  Dkt. No. 29.

By Text Order entered on September 11, 2023, this Court granted plaintiff's request based on an assumption that any newly asserted claims arising out of the same alleged wrongdoing detailed in the original complaint would be timely, and afforded plaintiff thirty (30) days to submit an amended complaint that differs from the original complaint only insofar as

---

[1] Plaintiff's complaint and IFP Application were originally filed in the Southern District of New York.  By Order entered on March 6, 2023, the Honorable Laura Taylor Swain directed that this action be transferred to this District.  Dkt. No. 4. On March 13, 2023, plaintiff's case was transferred in to this District from the Southern District of New York.  Dkt. No. 5.

the pleading names Olivo in place of Murphy.  *See* Dkt. No. 31 ("September 2023 Order").

Presently before the Court is plaintiff's amended complaint, which was filed within thirty days of the September 2023 Order.  Dkt. No. 32 ("Am. Compl").

## II.     SUFFICIENCY OF THE AMENDED COMPLAINT

### A.     The Original Complaint and March 2023 Order

In his complaint, plaintiff asserted Section 1983 claims against Corrections Officer Murphy based on an alleged use-of-force incident that occurred at Shawangunk Correctional Facility on or about July 29, 2019, and subsequent deprivation of medical care.  *See generally* Compl.  The complaint was construed to assert Eighth Amendment excessive force and medical indifference claims against defendant Murphy.  *See* March 2023 Order at 5.

After reviewing the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A, the Court found that plaintiff's Section 1983 claims survived sua sponte review.  *See* March 2023 Order at 7-11.

### B.     Review of the Amended Complaint

Because plaintiff is proceeding in forma pauperis and is an inmate suing government employees, his proposed amended complaint must be reviewed in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A.  The legal standard governing the review of a pleading pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A was discussed at length in the March 2023 Order and it will not be restated in this Decision and Order.  *See* March 2023 Order at 2-4.

Plaintiff's amended complaint is materially similar to the original complaint, except that plaintiff has now identified Corrections Officer Olivo as a defendant in place of Corrections Officer Murphy.  *See* Am. Compl.

In light of the March 2023 Order, and mindful of the requirement to liberally construe pro se pleadings, *see, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), plaintiff's Eighth Amendment excessive force and medical indifference claims against Corrections Officer Olivo survive sua sponte review and require a response. In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed dispositive motion.[2]

Because the amended complaint no longer asserts claims against Corrections Officer Murphy, the Clerk is directed to terminate this official as a party to the proceeding.

### III.   CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the amended complaint (Dkt. No. 32) is accepted for filing and will supersede and replace the original complaint as the operative pleading; and it is further

**ORDERED** that the Clerk shall add Corrections Officer Olivo to the docket as defendant; and it is further

**ORDERED** that the Clerk shall **TERMINATE** Corrections Officer Murphy as a defendant in this case; and it is further

**ORDERED** that plaintiff's Eighth Amendment excessive force and medical indifference claims against defendant Olivo **SURVIVE** sua sponte review and require a response; and it is further

**ORDERED** that the Clerk shall issue a summons and forward it, along with a copy of

---

[2] Following the completion of service on defendant Olivo, the Court will re-open discovery for sixty (60) days so that counsel may depose plaintiff for a second time, and serve demands, as desired. The dispositive motion deadline will also be reset following the completion of service on defendant Olivo.

the amended complaint, to the United States Marshal for service on defendant Olivo;[3] and it is further

**ORDERED** that upon the completion of service, a response to the amended complaint be filed by defendant Olivo, or his counsel, as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions; motions will be decided on submitted papers, without oral argument, unless otherwise ordered by this Court.  Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so may result in the dismissal of this action; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

Dated: October 13, 2023
       Syracuse, NY

Thérèse Wiley Dancks
U.S. Magistrate Judge

---

[3] The Court previously granted plaintiff leave to proceed with this action *in forma pauperis*.  *See* March 2023 Order.