UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DIQUAN BOOKER,

                                  Plaintiff,                    9:23-CV-325 (GTS/TWD)
              -vs-

OLIVO, Corrections Officer,

                                  Defendant.

GLENN T. SUDDABY, U.S. DISTRICT JUDGE

## **AMENDED TRIAL ORDER**

All relevant Uniform Pretrial Scheduling Order deadlines having expired in the above-captioned case, it is hereby designated "trial ready," and

Accordingly, it is hereby

ORDERED that the jury trial in this case scheduled for September 22, 2025 is rescheduled and shall now begin on **November 17, 2025 at 9:00 a.m. in Syracuse, New York** before the Honorable Glenn T. Suddaby, it is hereby

ORDERED that any request to the Court to issue a Writ of Habeas Corpus Ad Testificandum to produce an inmate witness to testify at trial must be made by **September 8, 2025** and must include a detailed statement as to the relevancy of the inmate witness' testimony and what the inmate witness is expected to testify to, including, but not limited to, the date and time of the incident witnessed; where exactly the inmate witness was located when he/she witnessed the incident and

how he/she was able to view the incident (i.e. if he/she was located in an adjoining cell); the names of the individuals involved in what he/she witnessed; and what exactly was witnessed; and it is further

ORDERED that all counsel appear before the undersigned at a final pretrial conference on **November 12, 2025 at 10:00 AM** at the James Hanley Federal Building, 100 South Clinton Street, Syracuse, New York; it is further

ORDERED that all pretrial submissions, including any motions *in limine*, must be filed on or before **October 27, 2025**, and all responses to motions *in limine* must be filed on or before **November 3, 2025.** This order supersedes all deadlines previously set. All pretrial submissions shall include the following:

(1)  Joint Pretrial Stipulations: A joint pretrial stipulation shall be subscribed by counsel for all parties, shall be electronically filed with the Clerk's Office, and shall contain:
   (a)  The basis of federal jurisdiction;
   (b)  A list of all exhibits that can be stipulated into evidence or that will be offered without objection as to foundation; and
   (c)  Relevant (1) facts not in dispute, (2) facts in dispute, and (3) issues of law to be considered and applied by the Court.

(2)  Witnesses:

   (a)  Counsel shall file electronically with the Clerk's Office, with a copy to opposing counsel, a list of witnesses that may be called to testify at trial, other than solely for impeachment purposes, including the following information regarding each witness:

      (i)  The name and address of each witness (city,state) and title (if applicable), separately identifying those whom the party expects to present and those whom the party may call if the need arises, as well as a brief summary

-2-

of the testimony to be offered by each witness.

(ii)     The designation of those witnesses whose testimony is expected to be presented by means of a deposition (including video-taped deposition), specifically identifying the pertinent portions of the deposition testimony to be offered.

(b)     **The unavailability of any witness, expert, or otherwise, will not be grounds for a continuance.**  In order to avoid the possibility of going forward with the trial without the testimony of an unavailable witness, counsel, where appropriate, shall preserve same before the trial date by written or video-taped deposition for possible use at trial.  (See Paragraph 5).

(3)     <u>Exhibits</u>:

(a)     <u>Exhibit Lists</u>: Counsel shall file electronically with the Clerk's Office, with a copy to opposing counsel, an exhibit list on the form prescribed by the Court, a copy of which is attached to this Order.  Counsel are to supply the exhibit number and exhibit description.  The remaining boxes shall be left blank for the Courtroom Deputy.

(b)     All documents and/or papers intended as exhibits or to be used during the course of trial, including but not limited to, documents, photographs, charts, diagrams, etc., shall be marked for identification in the manner prescribed below and must be assembled in **<u>BINDERS</u>** with each document properly marked at the lower right corner for identification purposes as directed below.  Counsel shall provide a **<u>separate</u>** binder with a complete set of exhibits **for the Clerk and for the Court on the first day of trial**, and one binder to each opposing counsel.

The exhibits shall have been inspected by the opposing party and copied at their expense (unless waived), **<u>NO LATER THAN ONE WEEK PRIOR TO THE FINAL PRETRIAL CONFERENCE DATE.</u>** The exhibit binders for the Clerk and the Court shall be presented to Judge Suddaby's Courtroom Deputy at the beginning of the trial.

**NOTE**: **During the course of trial the Courtroom Deputy shall take charge of exhibits which are <u>received into evidence.</u> At the conclusion of the trial, the Courtroom Deputy will immediately return all of the exhibits to the proper parties. It is the responsibility of the parties to maintain the exhibits and to produce the exhibits for any appeal. Videotaped deposition transcripts viewed at trial shall be filed with the Clerk's office and made a part of the record and counsel is responsible for providing an additional copy of the transcript to the Courtroom Deputy.**

(c)     <u>Exhibit Markers</u>: Counsel shall fill in the appropriate markers leaving the "Date entered" and "Deputy Clerk" lines blank. All exhibits shall be assigned numbers by using a prefix of "P" for plaintiff, "D" for defendant, and "G" for Government.

Plaintiff's exhibits should be denoted as: P-l, P-2, P-3, etc. Defendant's exhibits should be denoted as: D-l, D-2, D-3, etc. Government's exhibits should be denoted as: G-l, G-2, G-3, etc. In cases involving multiple defendants, the exhibits shall be denoted with the initial of the last name of the defendant and its numerical identification number.

Stickers shall be affixed whenever possible to the lower right-hand corner of the exhibit. If the exhibit marker is going to cover any information on the exhibit, then affix the marker to the reverse side of the exhibit. Each exhibit shall also have an exhibit number in the upper right hand corner of the exhibit (P-l, P-2, etc. or D-l, D-2, etc.).

(4)     <u>Motions *In Limine*</u>: Counsel shall file electronically with the Clerk's Office, with a copy to opposing counsel, any motions *in limine* by **October 27, 2025**, citing the applicable rules of evidence and case law. Counsel shall file any response to a Motion *In Limine* no later than **November 3, 2025. <u>MOTIONS *IN LIMINE* MAY NOT OTHERWISE BE FILED WITHOUT LEAVE OF THE COURT.</u>**

(5)     <u>Depositions</u>: All deposition transcripts and video-taped depositions to be used at trial shall be brought to court on the day of trial. Not less than four weeks prior to the trial date, each party shall indicate to the opposing party the portion of the video deposition to be offered. To

the extent possible, objections are to be resolved between the parties. **One week before the Final Pretrial Conference**, counsel shall forward to the Judge's chambers any portions of a deposition transcript intended to be used in trial **that are in dispute** (including video-taped depositions) for ruling at the Final Pretrial Conference. **The parties must provide an edited version of any VHS tape or DVD to be shown to the jury at trial deleting any portions ruled inadmissible by the Court.** The Court does not have the capability to start and stop a video during trial to edit certain portions of the VHS tape or DVD. All deposition transcripts, including videotaped depositions, that are not in dispute shall be brought to Court on the first day of trial. Counsel shall provide the Court with an additional copy of the "redacted" transcript of all video deposition testimony which is put into evidence at trial and shall be made a part of the record for filing with the Clerk's office. **Counsel must confirm with the Court that the DVD format is compatible with the Courtroom equipment prior to the first day of trial.**

(6) <u>Trial Briefs:</u> Counsel shall file electronically with the Clerk's Office, with a copy to opposing counsel, a trial brief containing argument and citations on any and all disputed issues of law, citing the applicable rules of evidence and case law. Trial briefs should also include any evidentiary issues that are expected to arise.

(7) <u>Requests to Charge/Special Verdict Form</u>: Counsel shall file electronically with the Clerk's Office a request to charge and a proposed Special Verdict Form, with a copy to opposing counsel, and email a copy of same in WordPerfect or Word format to Judge Suddaby's Courtroom Deputy at shelly_muller@nynd.uscourts.gov. The request to charge need only include instructions that are specific to the law in this case regarding liability, damages, and any unusual issues. The court has the usual boilerplate charge.

(8) <u>Voir Dire</u>: Counsel shall electronically file any proposed Voir Dire requests. Each party shall submit a numbered list of questions which the court, in the exercise of its discretion, may use during jury selection, and counsel shall email a copy of any proposed Voir Dire questions in WordPerfect or Word format to Judge Suddaby's Courtroom Deputy at shelly_muller@nynd.uscourts.gov.

(9)     <u>Court-Ordered Voir Dire</u>: Counsel shall electronically file with the Clerk's office the attached "Court-Ordered Voir Dire".

(10)    <u>Courtroom Technology</u>:  The courtroom has a VHS/DVD combo unit, visual evidence presenter, VGA connections for laptops (no internet) and interpreter/hearing impaired headsets.  The Court does not have a MAC cable converter.  Attorneys using MAC laptops will need to provide their own cable connection and test the laptop at least one day prior to the trial. The DVD player will play all non-proprietary DVDs (ex. .avi, .mp3, .mp4 and .wmv), and counsel is responsible for confirming that any DVD to be played during trial is compatible with the Court's equipment **prior** to the first day of trial. The visual evidence presenter will allow counsel to display documents, photos, objects, x-rays and electronic presentations on monitors placed throughout the courtroom and in the jury box with touch screen monitors at the podium and witness stand. Laptop hook ups are available at the podium and at all counsel tables (no internet). Counsel are encouraged to utilize the visual presenter to publish exhibits to the jury. Counsel is responsible for learning how to use the equipment **prior** to the first day of trial. The Court does not provide a person to run the equipment during trial. For further information on the use of this equipment or to make arrangements for training, please contact the Courtroom Deputy.  Additional courtroom technology information may be obtained on the court's webpage: www.nynd.uscourts.gov.

**IT IS SO ORDERED.**

Dated:          August 7, 2025
                Syracuse, NY

                                    Hon. Glenn T. Suddaby
                                    U.S. District Judge

**COURT ORDERED VOIR DIRE**
(to be used by the Judge at trial)

CASE TITLE:
CIVIL ACTION NO.:
DISTRICT JUDGE:

ATTACHMENT # 1

Each attorney is required to submit the following information on behalf of his/her client for use by the Court during Voir Dire and must be filed with the Court one week in advance of the trial ready date.

NAMES AND ADDRESSES OF ALL PARTIES TO THE LAWSUIT:

(use additional page if necessary)

YOUR NAME, FIRM NAME, ADDRESS AND THE NAME OF ANY PARTNER OR ASSOCIATE WHO MAY BE AT COUNSEL TABLE DURING THE COURSE OF THE TRIAL.

(use additional page if necessary)

SET FORTH THE DATE OF THE OCCURRENCE, THE PLACE OF THE OCCURRENCE AND A BRIEF STATEMENT OF THE EVENTS CENTRAL TO THE LITIGATION.

(use additional page if necessary)

SET FORTH THE NAMES AND ADDRESSES OF ALL LAY WITNESSES
TO BE CALLED.

(use additional page if necessary)

SET FORTH THE NAMES AND ADDRESSES OF ALL EXPERT
WITNESSES TO BE CALLED GIVING A BRIEF DESCRIPTION OF THEIR
AREAS OF EXPERTISE.

(use additional page if necessary)

SET FORTH A BRIEF DESCRIPTION OF EACH AND EVERY CAUSE OF ACTION IN THE COMPLAINT.

(use additional page if necessary)

SET FORTH A BRIEF DESCRIPTION OF EACH AND EVERY AFFIRMATIVE DEFENSE ASSERTED AS WELL AS A STATEMENT ADDRESSING ANY COUNTERCLAIMS RAISED IN THE ANSWER.

(use additional page if necessary)

--------------------------------

PLEASE TAKE NOTICE that any delay in jury selection occasioned by the failure to provide this information which causes a one (1) day or more postponement of this trial, appropriate monetary sanctions may be imposed by the Court.

Submitted by:
Date:

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF NEW YORK<br><br>CASE NO. _____<br>PLAINTIFF EXHIBIT NO. _____<br>DATE ENTERED _____<br><br>JOHN M. DOMURAD, CLERK<br>BY: _____<br>DEPUTY CLERK | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF NEW YORK<br><br>CASE NO. _____<br>DEFENDANT EXHIBIT NO. _____<br>DATE ENTERED _____<br><br>JOHN M. DOMURAD, CLERK<br>BY: _____<br>DEPUTY CLERK |
| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF NEW YORK<br><br>CASE NO. _____<br>PLAINTIFF EXHIBIT NO. _____<br>DATE ENTERED _____<br><br>JOHN M. DOMURAD, CLERK<br>BY: _____<br>DEPUTY CLERK | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF NEW YORK<br><br>CASE NO. _____<br>DEFENDANT EXHIBIT NO. _____<br>DATE ENTERED _____<br><br>JOHN M. DOMURAD, CLERK<br>BY: _____<br>DEPUTY CLERK |
| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF NEW YORK<br><br>CASE NO. _____<br>PLAINTIFF EXHIBIT NO. _____<br>DATE ENTERED _____<br><br>JOHN M. DOMURAD, CLERK<br>BY: _____<br>DEPUTY CLERK | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF NEW YORK<br><br>CASE NO. _____<br>DEFENDANT EXHIBIT NO. _____<br>DATE ENTERED _____<br><br>JOHN M. DOMURAD, CLERK<br>BY: _____<br>DEPUTY CLERK |
| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF NEW YORK<br><br>CASE NO. _____<br>PLAINTIFF EXHIBIT NO. _____<br>DATE ENTERED _____<br><br>JOHN M. DOMURAD, CLERK<br>BY: _____<br>DEPUTY CLERK | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF NEW YORK<br><br>CASE NO. _____<br>DEFENDANT EXHIBIT NO. _____<br>DATE ENTERED _____<br><br>JOHN M. DOMURAD, CLERK<br>BY: _____<br>DEPUTY CLERK |

Page 1 of ____

United States District Court
For The Northern District Of New York

Case No. _____

Date: _____

Presiding Judge: _____

( ) Plaintiff                    ( ) Defendant                    ( ) Court

| Exhibit No. | Marked for Identification | Admitted Into Evidence | Remarks | Witness | Exhibit Description |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

Exhibits Returned To Counsel (Date):_____ Signature:_____

Page __ of __

| Exhibit No. | Marked for Identification | Admitted Into Evidence | Remarks | Witness | Exhibit Description |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

Exhibits Returned To Counsel (Date):_____ Signature:_____